**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE SOUTHERN DISTRICT OF
TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| **CLARKE GIBSON RESTAURANT** | § | **CASE NO. 24-30242** |
| **GROUP, LLC** | § | |
|     **DEBTOR** | § | **CHAPTER 11** |

**EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

    COMES NOW, Clarke Gibson Restaurant Group, LLC ("Debtor") and files this Emergency Motion for Authority to Use Cash Collateral pursuant to 11 U.S.C. **§** 363, and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Motion"). The Debtor presents this motion and respectfully represents the following:

    1.    On January 24, 2024 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and is

now operating its business as a Debtor-In-Possession.

2.     The Debtor continues to manage and operate its business as Debtor-In-Possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

3.     It is alleged that certain creditors of the Debtor assert a security interest in the Debtor's cash and receivables - namely (1) U.S. Small Business Administration (Economic Income Disaster Loan to Debtor), (2) First Corporate Solutions (Factoring Receivables of Debtor), and (3) Rewards Network Cash Advance (Cash Advance to Debtor) (collectively, the "Alleged Secured Creditors"). To the extent there is any cash collateral in which the Alleged Secured Creditors have an interest, Debtor desires to have the Court approve Debtor's use of cash collateral.

4.     Debtor seeks to use the cash collateral for expenses set forth on Exhibit "A" and any other unforeseeable expenses that may arise and pose a threat to the Debtor's continued operations.

5.     **Emergency Consideration:** Emergency consideration is requested because the Debtor depends on the use of cash collateral for payroll, supplies, and other general operating expenses. If the Debtor is unable to use cash collateral, it will be forced to cease operations. Emergency relief is needed by February 5, 2024, because there are items listed in the attached budget that must be satisfied with the use of cash collateral.

6.     It is critical to the operation of the Debtor's business, and to its reorganization efforts, that it be permitted to pay these expenses using cash collateral. The Debtor operates a restaurant, and its revenue is produced from the sale of food and beverages and would use such revenue to pay the budgeted expenses. Moreover, such revenue will be deposited by Debtor in its DIP operating account pending entry of an order allowing use of cash collateral or consent by lien holders. Debtor reserves the right to dispute the validity, priority, and extent of such interest.

7. Subject to further order of the Court, Debtor requests that the Alleged Secured Creditors be paid cash advances in the amounts as shown in *Exhibit A*. Such cash advances shall be adequate protection for the use of any cash collateral.

8. Attached as Exhibit "A" is a 14-day and 30-day budget for the Debtor, showing projected income and expenses. The amounts listed are reasonable and good faith estimations of what the Debtor needs to spend each month to continue the operations of its business and reorganize.

9. Pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure, Debtor requests that the Court set an expedited, preliminary hearing on the use of cash collateral and, at such preliminary hearing, that the Court authorize the temporary use of cash collateral, if any, to avoid immediate and irreparable harm to Debtor and its bankruptcy estate pending a final hearing. The debtor also requests the Court set a final hearing as soon as possible after fifteen (15) days from the filing of this Motion for continued use of cash collateral thereafter.

WHEREFORE, PREMISES CONSIDERED, the Debtor requests this matter be set for an emergency hearing and that upon hearing, the Court will enter an Interim Order authorizing the Debtor's use of the cash collateral in the amounts set forth in Exhibit "A" and for such other and further relief as the Debtor may show itself justly entitled.

    Respectfully submitted,

    The McCardell Law Firm, PLLC

    */s/ Aaron W. McCardell Sr.*
    Aaron W. McCardell Sr.
    TBN#24120966
    SDOT #3611005
    440 Louisiana Street, Suite 1575
    Houston, Texas 77002
    (713) 236-8736

(713) 236-8990 Fax
amccardell@mccardelllaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document was served via the Court's ECF System and/or via U.S. First Class Mail, postage prepaid, on February 4, 2024, to the parties on the attached creditor matrix and to all parties that have requested ECF notifications in this matter.

*/s/ Aaron W. McCardell Sr*
Aaron W. McCardell Sr.