**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**SOUTHERN DISTRICT OF TEXAS**

Case number (if known): __24-30242__     Chapter __11__

☑ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy      06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, Instructions for Bankruptcy Forms for Non-Individuals, is available.

| | | |
|---|---|---|
| **1.** | Debtor's name | **Clarke Gibson Restaurant Group, LLC** |
| **2.** | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | **dba The Station Seafood Company** |
| **3.** | Debtor's federal Employer Identification Number (EIN) | 3  0  –  0  8  8  4  4  7  9 |

**4.** Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **8604 HWY 6 N**<br>Number    Street | Number    Street |
| | P.O. Box |
| **Houston**          **TX**    **77095**<br>City          State    ZIP Code | City          State    ZIP Code |
| **Harris**<br>County | **Location of principal assets, if different from principal place of business** |
| | Number    Street |
| | City          State    ZIP Code |

**5.** Debtor's website (URL)

**6.** Type of debtor

☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☑ Other.  Specify:

Debtor  **Clarke Gibson Restaurant Group, LLC**                                    Case number (if known)  **24-30242**

---

**7.  Describe debtor's business**

A.  Check one:

☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐  Railroad (as defined in 11 U.S.C. § 101(44))
☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐  Clearing Bank (as defined in 11 U.S.C. § 781(3))
☑  None of the above

B.  Check all that apply:

☐  Tax-exempt entity (as described in 26 U.S.C. § 501)
☐  Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐  Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor.  See http://www.uscourts.gov/four-digit-national-association-naics-codes

____  ____  ____  ____

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box.  A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

Check one:

☐  Chapter 7
☐  Chapter 9
☑  Chapter 11.    Check all that apply:

☑  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐  The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, AND IT CHOOSES TO PROCEED UNDER SUBCHAPTER V OF CHAPTER 11.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐  A plan is being filed with this petition.

☐  Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐  The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy Under Chapter 11 (Official Form 201A) with this form.

☐  The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐  Chapter 12

---

Debtor  **Clarke Gibson Restaurant Group, LLC**                    Case number (if known)  **24-30242**

| 9. | Were prior bankruptcy cases filed by or against the debtor within the last 8 years? | ☑ No | | | | |

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☑ No

☐ Yes. District _____ When _____ Case number _____
         District _____ When _____ Case number _____
         District _____ When _____ Case number _____

MM / DD / YYYY

If more than 2 cases, attach a separate list.

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☑ No

☐ Yes.  Debtor _____  Relationship _____
         District _____  When _____
                                              MM / DD / YYYY
         Case number, if known _____

         Debtor _____  Relationship _____
         District _____  When _____
                                              MM / DD / YYYY
         Case number, if known _____

List all cases.  If more than 1, attach a separate list.

**11. Why is the case filed in this district?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?**     *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**     _____
                              Number      Street

                              _____

                              _____ _____ _____
                              City                     State   ZIP Code

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency _____
         Contact name _____
         Phone _____

Debtor  **Clarke Gibson Restaurant Group, LLC**                                  Case number (if known)  **24-30242**

---

## Statistical and adminstrative information

| 13. | Debtor's estimation of available funds | Check one: |
|---|---|---|
| | | ☑ Funds will be available for distribution to unsecured creditors. |
| | | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

**14.  Estimated number of creditors**

| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15.  Estimated assets**

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|
| ☑ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16.  Estimated liabilities**

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☑ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17.  Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ■ I have been authorized to file this petition on behalf of the debtor.

- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **02/07/2024**
               MM / DD / YYYY

X **/s/ Carl Grady Thomas III**
Signature of authorized representative of debtor
**Carl Grady Thomas III**
Printed name
**Managing Member**
Title

---

Debtor   **Clarke Gibson Restaurant Group, LLC** _____     Case number (if known)   **24-30242** _____

**18.  Signature of attorney**

**X** **/s/ Aaron W. McCardell Sr.** _____      Date   **02/07/2024** _____
Signature of attorney for debtor                                MM / DD / YYYY

**Aaron W. McCardell Sr.** _____
Printed name
**THE MCCARDELL LAW FIRM, PLLC** _____
Firm name
**440 Louisiana** _____
Number          Street
**Suite 1575** _____

**Houston** _____      **TX** _____      **77002** _____
City                                  State        ZIP Code

**(713) 236-8736** _____      **amccardell@mccardelllaw.com** ____
Contact phone                          Email address
**24120996** _____      **TX** _____
Bar number                             State

**Fill in this information to identify the case**

Debtor name  **Clarke Gibson Restaurant Group, LLC**

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number
(if known)  **24-30242**

☑ Check if this is an
amended filing

Official Form 206A/B

## Schedule A/B: Assets -- Real and Personal Property

**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1.  **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor**

Current value of
debtor's interest

2.  **Cash on hand**                                                                                                $956.88

3.  **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

Name of institution (bank or brokerage firm)          Type of account          Last 4 digits of
account number

4.  **Other cash equivalents**      *(Identify all)*

Name of institution (bank or brokerage firm)

5.  **Total of Part 1**                                                                                              $956.88
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and prepayments |
| --- | --- |

6.  **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

Debtor  **Clarke Gibson Restaurant Group, LLC**                    Case number (if known)  **24-30242**
        _____                              _____
        Name

Current value of
debtor's interest

**7.  Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

**8.  Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

**9.  Total of Part 2.**
Add lines 7 through 8.  Copy the total to line 81.                                 **$0.00**

---

**Part 3:  Accounts receivable**

**10.  Does the debtor have any accounts receivable?**

☑ No.  Go to Part 4.
☐ Yes.  Fill in the information below.

Current value of
debtor's interest

**11.  Accounts receivable**

11a.  90 days old or less:   _____ – _____ = .............. → _____
                            face amount            doubtful or uncollectible accounts

11b.  Over 90 days old:      _____ – _____ = .............. → _____
                            face amount            doubtful or uncollectible accounts

**12.  Total of Part 3**
Current value on lines 11a + 11b = line 12.  Copy the total to line 82.             **$0.00**

---

**Part 4:  Investments**

**13.  Does the debtor own any investments?**

☑ No.  Go to Part 5.
☐ Yes.  Fill in the information below.

Valuation method              Current value of
used for current value        debtor's interest

**14.  Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

**15.  Non-publicly traded stock and interests in incorporated and unincorporated**
**businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                          % of ownership:

**16.  Government bonds, corporate bonds, and other negotiable and**
**non-negotiable instruments not included in Part 1**

Describe:

**17.  Total of Part 4**
Add lines 14 through 16.  Copy the total to line 83.                               **$0.00**

---

**Part 5:  Inventory, excluding agriculture assets**

**18.  Does the debtor own any inventory (excluding agriculture assets)?**

☑ No.  Go to Part 6.
☐ Yes.  Fill in the information below.

Debtor    **Clarke Gibson Restaurant Group, LLC**                                          Case number (if known)   **24-30242**
          Name

| General description | Date of the last physical inventory MM/DD/YYYY | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| **20. Work in progress** | | | | |
| **21. Finished goods, including goods held for resale** | | | | |
| **22. Other inventory or supplies** | | | | |

**23. Total of Part 5**
Add lines 19 through 22.  Copy the total to line 84.

$0.00

**24. Is any of the property listed in Part 5 perishable?**
☐ No
☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes.  Book value _____  Valuation method _____  Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☐ No
☐ Yes

---

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming or fishing-related assets (other than titled motor vehicles and land)?**
☑ No.  Go to Part 7.
☐ Yes.  Fill in the information below.

| General description | | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **28. Crops--either planted or harvested** | | | | |
| **29. Farm animals**  *Examples:* Livestock, poultry, farm-raised fish | | | | |
| **30. Farm machinery and equipment**  (Other than titled motor vehicles) | | | | |
| **31. Farm and fishing supplies, chemicals, and feed** | | | | |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | | |

**33. Total of Part 6.**
Add lines 28 through 32.  Copy the total to line 85.

$0.00

**34. Is the debtor a member of an agricultural cooperative?**
☐ No
☐ Yes.  Is any of the debtor's property stored at the cooperative?
　　　☐ No
　　　☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes.  Book value _____  Valuation method _____  Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**
☐ No
☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☐ No
☐ Yes

---

Debtor   **Clarke Gibson Restaurant Group, LLC** _____   Case number (if known)   **24-30242** _____
<span style="margin-left:3em">Name</span>

## Part 7:   Office furniture, fixtures, and equipment; and collectibles

**38.  Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐  No.  Go to Part 8.
☑  Yes.  Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39.  Office furniture** | | | |
| 30" x 30" Table Top w/Base (3) | | | $120.00 |
| 30" x 24" Table Top w/Base (5) | | | $200.00 |
| 48" x 34" Table Top w/Base (4) | | | $120.00 |
| 30" Bar Height Table Tow w/ Base (4) | | | $160.00 |
| Bar Height Chairs (12) | | | $240.00 |
| Chairs (22) | | | $330.00 |
| Kid Booster Chairs (2) | | | $80.00 |
| 48" x 24" Stainless Steel Table (2) | | | $300.00 |
| 48" x 30" Stainless Steel Table | | | $150.00 |
| 36" x 30" Stainless Steel Shelf Table | | | $150.00 |
| 60" x 30" Stainless Steel Shelf Table | | | $150.00 |
| 60" Two Door Sandwich Prep Cooler SCL2-60-HC | | | $1,500.00 |
| 24" True Under Counter Freezer TUC-27F | | | $800.00 |
| Two Door Freezer CFD-2FF-HC | | | $2,000.00 |
| Pitco Fryer 75-100LB (2) | | | $1,400.00 |
| ANETS Fryer 75-100 LB | | | $700.00 |
| 6 Burner Range | | | $900.00 |
| 3 Door Refrigerator CFD-3RR-HC | | | $3,000.00 |
| 2 Door Refrigerator ARF-2D | | | $2,500.00 |
| **40.  Office fixtures** | | | |
| 36' x 16" Wire Shelf System w/casters (6) | | | $180.00 |
| 48" x 18" Wire Shelf System w/Casters (1) | | | $40.00 |
| Solid Wood Commercial Trash Cans for Dining Area (2) | | | $200.00 |
| 36" Flat Grill | | | $400.00 |
| Larkin 14' Venthood System w/Motors | | | $25,000.00 |
| Plumbing Fixtures and Equipment | | | $6,500.00 |
| Commercial Water Heater | | | $3,500.00 |

Debtor    **Clarke Gibson Restaurant Group, LLC**                          Case number (if known)    **24-30242**
_____
Name

**41.  Office equipment, including all computer equipment and communication systems equipment and software**

| 50" TV (4) | | | $1,400.00 |
| 32" TV (4) | | | $800.00 |

**42.  Collectibles**  *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

**43.  Total of Part 7.**
Add lines 39 through 42.  Copy the total to line 86.                                              $52,820.00

**44.  Is a depreciation schedule available for any of the property listed in Part 7?**
☑ No
☐ Yes

**45.  Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☑ No
☐ Yes

## Part 8:   Machinery, equipment, and vehicles

**46.  Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No.  Go to Part 9.
☐ Yes.  Fill in the information below.

| General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of<br>debtor's interest<br>(Where available) | Valuation method<br>used for current value | Current value of<br>debtor's interest |
|---|---|---|---|

**47.  Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

**48.  Watercraft, trailers, motors, and related accessories** Examples: Boats trailers, motors, floating homes, personal watercraft, and fishing vessels

**49.  Aircraft and accessories**

**50.  Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

**51.  Total of Part 8.**
Add lines 47 through 50.  Copy the total to line 87.                                              $0.00

**52.  Is a depreciation schedule available for any of the property listed in Part 8?**
☐ No
☐ Yes

**53.  Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☐ No
☐ Yes

## Part 9:   Real property

**54.  Does the debtor own or lease any real property?**

☑ No.  Go to Part 10.
☐ Yes.  Fill in the information below.

Debtor __Clarke Gibson Restaurant Group, LLC_____   Case number (if known) __24-30242_____
       Name

**55.**   **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

**56.**   **Total of Part 9.**

     Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.        **$0.00**

**57.**   **Is a depreciation schedule available for any of the property listed in Part 9?**

    ☐ No

    ☐ Yes

**58.**   **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

## Part 10: Intangibles and Intellectual Property

**59.**   **Does the debtor have any interests in intangibles or intellectual property?**

    ☑ No.  Go to Part 11.

    ☐ Yes.  Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**60.**   **Patents, copyrights, trademarks, and trade secrets**

**61.**   **Internet domain names and websites**

**62.**   **Licenses, franchises, and royalties**

**63.**   **Customer lists, mailing lists, or other compilations**

**64.**   **Other intangibles, or intellectual property**

**65.**   **Goodwill**

**66.**   **Total of Part 10.**

     Add lines 60 through 65.  Copy the total to line 89.        **$0.00**

**67.**   **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

    ☐ No

    ☐ Yes

**68.**   **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

    ☐ No

    ☐ Yes

**69.**   **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

## Part 11: All other assets

**70.**   **Does the debtor own any other assets that have not yet been reported on this form?**

    Include all interests in executory contracts and unexpired leases not previously reported on this form.

    ☑ No.  Go to Part 12.

    ☐ Yes.  Fill in the information below.

Debtor    **Clarke Gibson Restaurant Group, LLC**                              Case number (if known)   **24-30242**
          Name

**Current value of
debtor's interest**

**71.  Notes receivable**

       Description (include name of obligor)

**72.  Tax refunds and unused net operating losses (NOLs)**

       Description (for example, federal, state, local)

**73.  Interests in insurance policies or annuities**

**74.  Causes of action against third parties (whether or not a lawsuit has been filed)**

**75.  Other contingent and unliquidated claims or causes of action of every nature,
       including counterclaims of the debtor and rights to set off claims**

**76.  Trusts, equitable or future interests in property**

**77.  Other property of any kind not already listed**   *Examples:* Season tickets, country club membership

**78.  Total of Part 11.**
       Add lines 71 through 77.  Copy the total to line 90.

$0.00

**79.  Has any of the property listed in Part 11 been appraised by a professional within the last year?**
       ☐ No
       ☐ Yes

Debtor **Clarke Gibson Restaurant Group, LLC**                    Case number (if known)   **24-30242**
　　　　　Name

## Part 12:  Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $956.88 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $52,820.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*..........................➔ | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column.  91a. | $53,776.88 | + 91b. $0.00 |

92. **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92....................................................................   **$53,776.88**

02/07/2024 10:26:12pm

**Fill in this information to identify the case:**

Debtor name __**Clarke Gibson Restaurant Group, LLC**__

United States Bankruptcy Court for the: __**SOUTHERN DISTRICT OF TEXAS**__

Case number __**24-30242**__
(if known)

☑ Check if this is an
amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible.

1.  **Do any creditors have claims secured by debtor's property?**

☐  No.  Check this box and submit page 1 of this form to the court with debtor's other schedules.  Debtor has nothing else to report on this form.

☑  Yes.  Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

2.  **List in alphabetical order all creditors who have secured claims.**  If a creditor has more than one secured claim, list the creditor separately for each claim.

*Column A*
**Amount of claim**
Do not deduct the value of collateral.

*Column B*
**Value of collateral that supports this claim**

3.  **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**                                                                                        $204,500.00

02/07/2024 10:26:13pm

| Debtor | **Clarke Gibson Restaurant Group, LLC** | Case number (if known) **24-30242** |
|---|---|---|

| **Part 1:** | **Additional Page** | Column A | Column B |
|---|---|---|---|

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1** Creditor's name<br>**Amsterdam Capital Group Inc.** | Describe debtor's property that is subject to a lien<br>**All Accounts, equipment, and inventory** | $18,500.00 | $53,776.88 |

Creditor's mailing address
**135 E 57th St. Ste 110**

Describe the lien
**Lien / Agreement**

**New York**          **NY**   **10022**

Is the creditor an insider or related party?
☒ No
☐ Yes

Creditor's email address, if known

Is anyone else liable on this claim?
☒ No
☐ Yes.  Fill out *Schedule H: Codebtors* (Official Form 206H)

Date debt was incurred

Last 4 digits of account number   ___ ___ ___ ___

As of the petition filing date, the claim is:
Check all that apply.

Do multiple creditors have an interest in the same property?
☐ No
☒ Yes.  Specify each creditor, including this creditor, and its relative priority.

☐ Contingent
☐ Unliquidated
☐ Disputed

**For Unity Bank Checking Acct ending in 5974: 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For 2 Door Refrigerator ARF-2D: 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For 24" True Under Counter Freezer TUC-27F: 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For 3 Door Refrigerator CFD-3RR-HC: 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For 30" Bar Height Table Tow w/ Base (4) : 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For 30" x 24" Table Top w/Base (5): 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For 30" x 30" Table Top w/Base (3): 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For 36" x 30" Stainless Steel Shelf Table  : 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For 48" x 24" Stainless Steel Table (2): 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For 48" x 30" Stainless Steel Table : 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For 48" x 34" Table Top w/Base (4): 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For 6 Burner Range: 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For 60" Two Door Sandwich Prep Cooler SCL2-60-HC: 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For 60" x 30" Stainless Steel Shelf Table : 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For ANETS Fryer 75-100 LB: 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For Bar Height Chairs (12): 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For Chairs (22): 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For Kid Booster Chairs (2): 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For Pitco Fryer 75-100LB (2): 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For Two Door Freezer CFD-2FF-HC: 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For 36" Flat Grill: 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For 36" x 16" Wire Shelf System w/casters (6): 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For 48" x 18" Wire Shelf System w/Casters (1): 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For Commercial Water Heater: 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For Larkin 14' Venthood System w/Motors: 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For Plumbing Fixtures and Equipment: 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For Solid Wood Commercial Trash Cans for Dining Area (2) : 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For 55" TV (4): 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.  For 50" TV (4): 1) Small Business Administration; 2) Amsterdam Capital Group Inc.; 3) Rewards Network Cash Advance.**

02/07/2024 10:26:13pm

Debtor   **Clarke Gibson Restaurant Group, LLC**                    Case number (if known) **24-30242**

| **Part 1:** | **Additional Page** | | Column A | Column B |
|---|---|---|---|---|

**Part 1:    Additional Page**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

|  |  |
|---|---|
| **Column A** | **Column B** |
| **Amount of claim** Do not deduct the value of collateral. | **Value of collateral that supports this claim** |

**2.2**   Creditor's name
**Rewards Network Cash Advance**

Describe debtor's property that is subject to a lien                    $16,000.00        $53,776.88

Creditor's mailing address
**540 W Madison St Suite 2400**

**Personal Property, Fixtures, and All Proceeds**

Describe the lien
**Cash Advance**

**Chicago**              **IL**     **60661**

Is the creditor an insider or related party?
☑ No
☐ Yes

Creditor's email address, if known

Is anyone else liable on this claim?
☑ No
☐ Yes.  Fill out *Schedule H: Codebtors* (Official Form 206H)

Date debt was incurred

Last 4 digits of account number          ___ ___ ___ ___

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Do multiple creditors have an interest in the same property?
☐ No
☑ Yes.  Have you already specified the relative priority?

☐ No.  Specify each creditor, including this creditor, and its relative priority.

☑ Yes.  The relative priority of creditors is specified on lines **2.1**

**2.3**   Creditor's name
**Small Business Administration**

Describe debtor's property that is subject to a lien                    $150,000.00       $53,776.88

Creditor's mailing address
**P.O. Box 3918**

**Personal Property, Fixtures, All Proceeds**

Describe the lien
**EIDL Loan**

**Portland**            **OR**   **97208-3918**

Is the creditor an insider or related party?
☑ No
☐ Yes

Creditor's email address, if known

Is anyone else liable on this claim?
☑ No
☐ Yes.  Fill out *Schedule H: Codebtors* (Official Form 206H)

Date debt was incurred

Last 4 digits of account number          ___ ___ ___ ___

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Do multiple creditors have an interest in the same property?
☐ No
☑ Yes.  Have you already specified the relative priority?

☐ No.  Specify each creditor, including this creditor, and its relative priority.

☑ Yes.  The relative priority of creditors is specified on lines **2.1**

Debtor      **Clarke Gibson Restaurant Group, LLC**                    Case number (if known) **24-30242**

| **Part 1:** | **Additional Page** | Column A | Column B |
|---|---|---|---|
| | | **Amount of claim** | **Value of collateral** |

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| | | Column A | Column B |
|---|---|---|---|
| | | **Amount of claim**<br>Do not deduct the value of collateral. | **Value of collateral that supports this claim** |

**2.4**

**Creditor's name**
**Unity National Bank**

**Creditor's mailing address**
**2602 Blodgett St.**

**Houston          TX    77004**

**Creditor's email address, if known**

**Date debt was incurred**      **9/1/2014**

**Last 4 digits of account number**          ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**

☑ No

☐ Yes.  Have you already specified the relative priority?

    ☐ No.  Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes.  The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

**Accounts Receivable, Cash**

**Describe the lien**

**SBA Loan / Agreement**

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☑ No

☐ Yes.  Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

| | |
|---|---|
| | $20,000.00          $20,000.00 |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | **Clarke Gibson Restaurant Group, LLC** |
| United States Bankruptcy Court for the: | **SOUTHERN DISTRICT OF TEXAS** |
| Case number (if known) | **24-30242** |

☑ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.
☑ Yes. Go to line 2.

2.  **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or part.**
If more space is needed for priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|

**2.1** Priority creditor's name and mailing address

**Internal Revenue Service**

**P.O. Box 21126**

| | Total claim | Priority amount |
|---|---|---|
| As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** | **Unknown** |

☐ Contingent
☐ Unliquidated
☐ Disputed

**Philadelphia        PA    19114**

Date or dates debt was incurred

_____

Last 4 digits of account number ___ ___ ___ ___

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a)( **8** )

**Basis for the claim:**
**Taxes**

**Is the claim subject to offset?**
☑ No
☐ Yes

**2.2** Priority creditor's name and mailing address

**Kahn Development Inc.**

**PO Box 680608**

| | Total claim | Priority amount |
|---|---|---|
| As of the petition filing date, the claim is: *Check all that apply.* | **$13,000.00** | **$13,000.00** |

☐ Contingent
☐ Unliquidated
☐ Disputed

**Houston        TX    77268-0608**

Date or dates debt was incurred

_____

Last 4 digits of account number ___ ___ ___ ___

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a)(_____) **Administrative Prior**

**Basis for the claim:**
**Arrearage in Lease Agreement**

**Is the claim subject to offset?**
☑ No
☐ Yes

Debtor    **Clarke Gibson Restaurant Group, LLC**                              Case number (if known)    **24-30242**

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |

3.    List in alphabetical order all of the creditors with nonpriority unsecured claims.  If more space is needed for nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

| 3.1 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | **$25,000.00** |

*Check that apply.*

**Alt Cap**

**300 E 39th Street, Suite 3G**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Kansas City**          **MO**    **64111**      **Credit Card**

**Date or dates debt was incurred**                    **Is the claim subject to offset?**

**Last 4 digits of account number**  ☒ No
                                      ☐ Yes

| 3.2 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | **$3,200.00** |

*Check all that apply.*

**American Express**

**P.O Box 96001**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Los Angeles**          **CA**    **90096-8000**   **Credit Card**

**Date or dates debt was incurred**                    **Is the claim subject to offset?**

**Last 4 digits of account number**  ☒ No
                                      ☐ Yes

| 3.3 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | **$15,000.00** |

*Check all that apply.*

**Chase Business**

**P.O. Box 15299**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Wilmington**          **DE**    **19850-5299**    **Credit Card**

**Date or dates debt was incurred**                    **Is the claim subject to offset?**

**Last 4 digits of account number**  ☒ No
                                      ☐ Yes

| 3.4 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | **$8,147.04** |

*Check all that apply.*

**PayPal Business**

**P.O. Box 530075**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Atlanta**          **GA**    **30353-0075**    **Credit Card**

**Date or dates debt was incurred**                    **Is the claim subject to offset?**

**Last 4 digits of account number**  ☒ No
                                      ☐ Yes

Debtor   **Clarke Gibson Restaurant Group, LLC**         Case number (if known)   **24-30242**

| **Part 2:** | **Additional Page** |

**Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.  If no additional NONPRIORITY creditors exist, do not fill out or submit this page.**

Amount of claim

| 3.5 | **Nonpriority creditor's name and mailing address** |
|---|---|

**Restaurant Technologies**

**8781 West Rd Suite 190**

**Houston**                     **TX**     **77064**

**Date or dates debt was incurred**

**Last 4 digits of account number**  __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:
**Unsecured Debt**

Is the claim subject to offset?
☑ No
☐ Yes

$4,244.41

| 3.6 | **Nonpriority creditor's name and mailing address** |
|---|---|

**Rhodes Lang Consulting**

**5414 Wisteria Brook Ln**

**Spring**                     **TX**     **77379**

**Date or dates debt was incurred**

**Last 4 digits of account number**  __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:
**Unsecured Loan**

**Is the claim subject to offset?**
☑ No
☐ Yes

$11,500.00

02/07/2024 10:26:13pm

Debtor   **Clarke Gibson Restaurant Group, LLC**                     Case number (if known)   **24-30242**

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|---|---|

5.   **Add the amounts of priority and nonpriority unsecured claims.**

**Total of claim amounts**

| | | |
|---|---|---|
| 5a.  **Total claims from Part 1** | 5a. | **$13,000.00** |
| 5b.  **Total claims from Part 2** | 5b. + | **$67,091.45** |
| 5c.  **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | **$80,091.45** |

**Fill in this information to identify the case:**

Debtor name   **Clarke Gibson Restaurant Group, LLC**

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number   **24-30242**                     Chapter   **11**
(if known)

☑ Check if this is an
    amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries
consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**

☐   No.  Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☑   Yes.  Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property*
(Official Form 206A/B).

2.   **List all contracts and unexpired leases**

**State the name and mailing address for all other
parties with whom the debtor has an executory
contract or unexpired lease**

| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest** | **Lease Contract**<br>**Contract to be ASSUMED** | **Khan Development Inc**<br>P.O. Box 680608 |
|---|---|---|---|
| | **State the term remaining** | 25 payment(s) | |
| | **List the contract number of any government contract** | | Houston            TX        77268 |

| Fill in this information to identify the case: |
| --- |

Debtor name   **Clarke Gibson Restaurant Group, LLC**

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number   **24-30242**
(if known)

☑ Check if this is an
amended filing

Official Form 206H

## Schedule H: Codebtors

**12/15**

Be as complete and accurate as possible.  If more space is needed, copy the Additional Page, numbering the entries consecutively.  Attach the Additional Page to this page.

**1.   Does the debtor have any codebtors?**

☐   No.  Check this box and submit this form to the court with the debtor's other schedules.  Nothing else needs to be reported on this form.

☑   Yes

**2.   In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.*  Include all guarantors and co-obligors.  In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed.  If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
| --- | --- | --- | --- |
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| **2.1   Carl Grady Thomas III** | **8604 HWY 6 North**<br>Number    Street<br><br>**Houston**              **TX   77095**<br>City                                State   ZIP Code | **Khan Development Inc** | ☐   D<br>☐   E/F<br>☑   G |

**Fill in this information to identify the case:**

Debtor Name  **Clarke Gibson Restaurant Group, LLC**

United States Bankruptcy Court for the:  **SOUTHERN DISTRICT OF TEXAS**

Case number (if known):  **24-30242**

☑ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
| --- | --- |

1. *Schedule A/B: Assets--Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from Schedule A/B............................................................................................... $0.00

   1b. **Total personal property:**
   Copy line 91A from Schedule A/B............................................................................................. $53,776.88

   1c. **Total of all property**
   Copy line 92 from Schedule A/B............................................................................................... $53,776.88

| Part 2: | Summary of Liabilities |
| --- | --- |

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D...................................... $204,500.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of Schedule E/F.............................................................. $13,000.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F................................................ + $67,091.45

4. **Total liabilities**
   Lines 2 + 3a + 3b.................................................................................................................. $284,591.45

**Fill in this information to identify the case and this filing:**

Debtor Name **Clarke Gibson Restaurant Group, LLC**

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number **24-30242**
(if known)

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets--Real and Personal Property* (Official Form 206A/B)

- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☑ *Schedule H: Codebtors* (Official Form 206H)

- ☑ *A Summary of Assets and Liabilities for Non-Individuals* (Official Form 206-Summary)

- ☑ Amended Schedule **Petition, D, and E/F**

- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **02/07/2024**         X **/s/ Carl Grady Thomas III** _____
        MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                   **Carl Grady Thomas III** _____
                                   Printed name
                                   **Managing Member** _____
                                   Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name  **Clarke Gibson Restaurant Group, LLC**

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number (if known)  **24-30242**

☑ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

## Part 1:   Income

**1.   Gross revenue from business**

☐ None

**Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year**

Sources of revenue
Check all that apply.

Gross revenue
(before deductions and exclusions

| | | | | Gross revenue |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From **01/01/2024** to Filing date <br> MM / DD / YYYY | ☑ Operating a business <br> ☐ Other _____ | | **$33,970.10** |
| **For prior year:** | From **01/01/2023** to **12/31/2023** <br> MM / DD / YYYY   MM / DD / YYYY | ☑ Operating a business <br> ☐ Other _____ | | **$621,450.24** |
| **For the year before that:** | From **01/01/2022** to **12/31/2022** <br> MM / DD / YYYY   MM / DD / YYYY | ☑ Operating a business <br> ☐ Other _____ | | **$664,244.00** |

**2.   Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

## Part 2:   List Certain Transfers Made Before Filing for Bankruptcy

**3.   Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

Debtor   **Clarke Gibson Restaurant Group, LLC**                    Case number (if known)   **24-30242**
_____                                      _____
Name

**4.    Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or co-signed by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575.  (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)  Do not include any payments listed in line 3.  Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor.  11 U.S.C. § 101(31).

☑ None

**5.    Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.  Do not include property listed in line 6.

☑ None

**6.    Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

**Part 3:    Legal Actions or Assignments**

**7.    Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity--within 1 year before filing this case.

☑ None

**8.    Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

**Part 4:    Certain Gifts and Charitable Contributions**

**9.    List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

**Part 5:    Certain Losses**

**10.   All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

Debtor    **Clarke Gibson Restaurant Group, LLC**
          Name

Case number (if known)   **24-30242**

| **Part 6:** | **Certain Payments or Transfers** |
|---|---|

**11.  Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Aaron W. McCardell Sr.** | **7500 Legal Fee**<br>**1717 Filing Fee** | **01/24/2024** | **$9,217.00** |

**Address**

**440 Louisiana**
Street
**Suite 1575**

**Houston**          **TX**     **77002**
City                 State   ZIP Code

**Email or website address**

_____

**Who made the payment, if not debtor?**

_____

**12.  Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

**13.  Transfers not already listed on this statement**

List any transfers of money or other property--by sale, trade, or any other means--made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.  Include both outright transfers and transfers made as security.  Do not include gifts or transfers previously listed on this statement.

☑ None

| **Part 7:** | **Previous Locations** |
|---|---|

**14.  Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

Debtor    **Clarke Gibson Restaurant Group, LLC**                                    Case number (if known)   __24-30242__
          Name

## Part 8:    Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

- diagnosing or treating injury, deformity, or disease, or

- providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

## Part 9:    Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.
☐ Yes. State the nature of the information collected and retained _____

   Does the debtor have a privacy policy about that information?
   ☐ No.
   ☐ Yes.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b) or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?
      ☐ No. Go to Part 10.
      ☐ Yes. Fill in below:

## Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts, certificates of deposit, and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Debtor | **Clarke Gibson Restaurant Group, LLC** | Case number (if known) | **24-30242** |
|---|---|---|---|
| | Name | | |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case.  Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

## Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns.  Include any property borrowed from, being stored for, or held in trust.  Do not list leased or rented property.

☑ None

## Part 12:   Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?**
Include settlements and orders.

☑ No
☐ Yes.  Provide details below.

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes.  Provide details below.

**24. Has the debtor notified any govermental unit of any release of hazardous material?**

☑ No
☐ Yes.  Provide details below.

## Part 13:   Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.  Include this information even if already listed in the Schedules.

☑ None

| Debtor | **Clarke Gibson Restaurant Group, LLC** | Case number (if known) | **24-30242** |
|---|---|---|---|
| | Name | | |

**26. Books, records, and financial statements**

26a.   List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| **Name and address** | | | **Dates of service** |
|---|---|---|---|

26a.1.   **Stephen Samuel**
Name
**1644 West Alabama St.**
Street

| | | |
|---|---|---|
| **Houston** | **Tx** | **77006** |
| City | State | ZIP Code |

**From** _____   **To** _____

26b.   List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None

26c.   List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☑ None

26d.   List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No.
☐ Yes.  Give the details about the two most recent inventories.

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Carl G. Thomas III | | Owner | 100% |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No
☐ Yes.  Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|

Debtor    **Clarke Gibson Restaurant Group, LLC**                          Case number (if known)   **24-30242**
          Name

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes.  Identify below.

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No
☐ Yes.  Identify below.

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes.  Identify below.

---

| **Part 14:** | **Signature and Declaration** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **02/07/2024**
             MM / DD / YYYY

X **/s/ Carl Grady Thomas III**                                    Printed name  **Carl Grady Thomas III**
   Signature of individual signing on behalf of the debtor

   Position or relationship to debtor  **Managing Member**

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**
☑ No
☐ Yes

B2030 (Form 2030) (12/15)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In re **Clarke Gibson Restaurant Group, LLC**                    Case No.   **24-30242**

                                                                 Chapter    **11**

*AMENDED 2/7/2024*
# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept...........................Hourly: Estimated Total        **$7,500.00**

   Prior to the filing of this statement I have received.......................................................        **$7,500.00**

   Balance Due...........................................................................Hourly: Approximately        **$0.00**

2. The source of the compensation paid to me was:

   ☒ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☒ Debtor          ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

B2030 (Form 2030) (12/15)

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:

<table>
<tr><td colspan="2" align="center">CERTIFICATION<br>I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.</td></tr>
<tr><td>
<u>02/07/2024</u><br>
*Date*
</td><td>
**/s/ Aaron W. McCardell Sr.**<br>
*Aaron W. McCardell Sr.*    Bar No.  24120996<br>
THE MCCARDELL LAW FIRM, PLLC<br>
440 Louisiana<br>
Suite 1575<br>
Houston, Texas 77002<br>
Phone: (713) 236-8736 / Fax: (713) 236-8990
</td></tr>
</table>

**/s/ Carl Grady Thomas III**

*Carl Grady Thomas III*
*Managing Member*